■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED MANDIVILLE, Appellant.—Appeal from a judgment of the County Court of Ulster County, rendered August 13, 1975, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree (Penal Law, § 220.39). The defendant was indicated on March 5, 1975 in a two-count indictment charging the sale to which he pled guilty and possession of a controlled substance in the third degree (Penal Law, § 220.16). Both charges were classified as A-III felonies and the sentence therefor had to be a minimum of "not less than one year nor more than eight years four months" with a mandatory maximum of life (Penal Law, § 70.00). The indictment charged the defendant with both the possession and sale as having occurred on January 17, 1975. On May 19, 1975 the defendant and his assigned counsel appeared in County Court and recited an agreement whereby the defendant would enter a plea of guilty to the first charge (selling) and the second count (possession) would be dismissed with the District Attorney to recommend a minimum of three years. The District

Attorney confirmed the agreement and the court stated that it would follow the recommendation of three years. After the foregoing occurred in chambers, the proceedings were formalized in open court. The defendant was 23 years of age and he acknowledged that he understood the prior negotiations and agreements. The court asked him if he had sold heroin on January 17, 1975 to someone and he said "yes" and that he was saying yes because it was true. The court accepted the guilty plea and set August 13, 1975 for sentencing. The sole issue is whether or not the court erred in denying the defendant's motion to withdraw his guilty plea. On August 13, 1975 the defendant and his counsel advised the court that since pleading guilty the defendant had learned that many drug offenders had been given minimum sentences of only one year and, therefore, he felt the sentence agreed to was harsh. The defendant then recited that he did not sell the drugs but was only an agent, but he did admit to receiving consideration and giving the drugs to someone else. Upon the present record it appears that the sole reason the defendant wanted to withdraw his plea of guilty was because he had then come to believe the agreed sentence was harsh. He had not been misled by anyone and while he now thought he might dispute his guilt, no facts had changed. This is not a case where the agreed sentence is upon its face improvident and it is well established that the plea of guilty was voluntarily and knowingly entered. While the court at the time of accepting the plea did not elicit the underlying facts in great detail, subsequent events at the time defendant wanted to withdraw that plea made it apparent that he was intimately aware of all the facts relevant to guilt. Upon the present record, the court did not abuse its discretion in denying the motion to withdraw the plea of guilty. Judgment affirmed. Koreman, P. J., Kane, Main, Herlihy and Reynolds, JJ., concur.